```
             IN THE UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF ARKANSAS
                       PINE BLUFF DIVISION


SHANNON DAVID BOYLE                                      PETITIONER


vs.              Civil Case No. 5:06CV000117 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                        RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Shannon David Boyle, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on April 4, 2001, of aggravated robbery and theft of property and he was sentenced as a habitual offender to an aggregate term of ninety years imprisonment (Respondent's Exhibit A). The Arkansas Court of Appeals affirmed his convictions on October 9, 2002

(Respondent's Exhibit D).  Petitioner filed a motion for post-conviction relief on December 30, 2002 (Respondent's Exhibit E), which the trial court denied on April 23, 2003 (Respondent's Exhibit F).  The Arkansas Supreme Court affirmed the trial court's disposition on May 5, 2005.  <u>Boyle v. State</u>, 362 Ark. 248 (2005)(Respondent's Exhibit G).

In the present proceeding, Petitioner raises the following grounds for relief:

>    1.  The trial court erroneously instructed the jury that he could serve as little as 1/6 of his sentence before being eligible for parole, when in fact he has to serve 70% of his sentence before he is parole eligible;
>
>    2.  His attorney was ineffective in not correcting the erroneous jury instruction;
>
>    3.  The trial court erred in instructing the jury that he had ten prior felony convictions, when in fact the prior convictions all stemmed from one crime and
>
>    4.  Theft of property is a lesser included offense of aggravated robbery and his conviction of both crimes subjected him to double jeopardy.

Respondent admits Petitioner has no non-futile state remedies now available to him, but he contends the petition should be dismissed because it is untimely under 28 U.S.C. § 2244(d) and because the claims are procedurally barred.

I.

Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254.

The relevant triggering date[1] in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" includes review by the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  Thus, a judgment is final when the Supreme Court has issued an opinion rejecting a petitioner's direct appeal, or when it denies a petition for a writ of certiorari or when the time for filing a petition for certiorari has expired.  Id. at 348.

Rule 13.1 of the Supreme Court Rules provides that a petitioner has 90 days from the entry of judgment by a state court of last resort to file a petition for a writ of certiorari, or, if the judgment is from a lower state court, a petitioner has 90 days from the entry of an order by the court of last resort denying discretionary review.  Rule 13.3 of the Supreme Court Rules provides that the time begins to run from the date the judgment or order is entered, not from the date the mandate is issued.

Respondent asserts, and Petitioner does not dispute, that he did not seek discretionary review by the Arkansas Supreme Court of the Arkansas Court of Appeals' decision affirming his convictions. When a defendant does not seek discretionary review by the Arkansas

---

[1] Although given the opportunity, Petitioner has not replied to the Response, and he has not argued that any other provisions of this section of the statute apply.

4

Supreme Court from a decision of the Arkansas Court of Appeals, the question arises as to how the court should compute the date his conviction became final for purposes of § 2244(d)(1)(A).  Several courts have held that a defendant who fails to seek discretionary review is not entitled to the 90 day period allowed for seeking certiorari, and his conviction becomes final when the lower court issues its mandate.  See Pierson v. Dormire, 2006 WL 839222, at *3 (D. Mo. March 29, 2006)(unpublished) and cases cited therein.  At least one District Judge in this district has also addressed the issue.  In Collier v. Norris, No. 4:05CV00515 (E.D. Ark. May 12, 2006), the Hon. J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, in an opinion and order entered on December 9, 2005, examined the grounds raised in the direct appeal to the Arkansas Court of Appeals and determined that, since there was no basis for seeking discretionary review under Arkansas Supreme Court Rule 2-4, the Arkansas Court of Appeals became the court of last resort for purposes of United States Supreme Court Rule 13.1, and the statute of limitations began running only after the expiration of the 90 days allowed for seeking certiorari.[2]

There is no reason to decide this issue in the present case, however, because, even if the court tolls the limitations period

---

[2] Collier is now on appeal to the Eighth Circuit Court of Appeals, Collier v. Norris, USCA Case No. 06-2519 (appeal filed June 20, 2006), and the respondent has cross-appealed this issue, USCA Case No. 06-2630 (cross-appeal filed June 23, 2006).

for the 18 calendar days allowed under Rule 2-4(a) of the Rules of the Arkansas Supreme Court to file a petition for review of the Court of Appeals' decision and the 90 days for filing a petition for certiorari, this petition is untimely.

II.

The Court of Appeals issued its decision on October 9, 2002. Allowing for the 108 calendar days to petition for certiorari, Petitioner's convictions would have been final on January 25, 2003, and the deadline for filing the present petition would have been January 25, 2004. Petitioner did not sign his petition until May 1, 2006.[3]

Section 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." A state application for post-conviction or collateral relief is "'filed' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record,"...and it "is

---

[3] For purposes of this opinion, the court will presume Petitioner placed his petition in the prison mail that same date. See Houston v. Lack, 487 U.S. 266 (1988)(under the prison mailbox rule, a document will be deemed filed on the date the inmate places it in the prison mail system). The actual filing date was May 8, 2006.

'<u>properly</u> filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000)(emphasis in original). These laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, ... the requisite filing fee," and any preconditions imposed on abusive filers or all filers generally. <u>Id.</u> at 9 (footnote omitted).

Section 2244(d)(2) is not helpful to Petitioner, because the Arkansas Supreme Court affirmed the trial court's dismissal of his post-conviction motion on the basis of procedural irregularities, both courts finding the length of the thirteen-page petition violated Ark.R.Crim.P. 37.1(e),[4] which required a petition be no more than ten pages in length. Since the Arkansas Supreme Court found the petition "invalid, 'that is the end of the matter.'"[5]

---

[4] Rule 37.1 was amended effective March 1, 2006, and this provision is now found in Rule 37.1(b).

[5] As another basis for rejecting the petition, the Arkansas Supreme Court also found that, although Petitioner's counsel signed it, Petitioner did not verify the petition himself, as required by Ark.R.Crim.P. 37.1(d), now recodified at Ark.R.Crim.P.37.1(c) and (d). <u>Boyle v. State</u>, 362 Ark. at 249. The court recognized, however, that it had not found before that a "petition is not verified by the petitioner, where it is verified by the petitioner's attorney." <u>Id.</u>  In a later opinion, the court stated that "<u>Boyle</u> merely confirmed a position already announced by this court that has long been the rule of law in this state." <u>Ratchford v. State</u>  2006 WL 1032377, *1 (Ark. 2006).
Although the Eighth Circuit has not addressed the issue, the Eleventh Circuit has specifically ruled that a state "rule governing filings must be 'firmly established and regularly

Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006), quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).  Thus, I find Petitioner's post-conviction petition was not properly filed and did not toll the running of the limitations period.

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace DiGuglielmo, 344 U.S. at 418.[6]  "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims."  Mere excusable neglect is not sufficient.

---

followed' before noncompliance will render a petition improperly filed for the purpose of AEDPA's tolling provision." Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003).  This court does not have to address the issue in the present case, because the page limitation for Rule 37 petitions has been firmly established for many years now, and Petitioner does not argue it is not regularly followed.  See Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996), citing Washington v. State, 308 Ark. 322 (1992)(holding that Rule 37's ten-page limit is a reasonable restriction on post-conviction relief).  Petitioner's noncompliance with the page limitation was sufficient to render his state petition improperly filed.

[6] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

Id. at 618-19 (citations omitted). C.f Alvarez-Machain v. U.S., 107 F.3d 696, 701 (9th Cir. 1996), cert. denied, 522 U.S. 814 (1997)(Equitable tolling appropriate where Federal Tort Claims Act plaintiff had been incarcerated for over two years in a foreign country, in complex case in which his life was at stake). As stated above, Petitioner did not reply to Respondent's arguments, and there is no indication in the petition itself as to why he did not file this petition in a timely fashion. Thus, he has not shown he is entitled to equitable tolling.

Because Petitioner's Rule 37 petition did not toll the running of the limitations period, and Petitioner has not shown he is entitled to equitable tolling, I find this petition is untimely. Given this finding, there is no need to address Respondent's procedural default argument.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 13th day of November, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge