IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHANNON DAVID BOYLE
PETITIONER

VS.                    CASE NO. 5:06CV00117 SWW

LARRY NORRIS, Director,
Arkansas Department of Correction
RESPONDENT

## ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Henry L. Jones, Jr. After careful review of petitioner's objections and a de novo review of the record, the Court concludes that the findings and recommendations should be, and are hereby, approved and adopted as this Court's findings in all respects in their entirety.[1]  Judgment shall be entered accordingly.

SO ORDERED this 29th day of November, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] In his objections, petitioner states he wants to withdraw without prejudice his petition and proceed back in state court and has filed a motion to that effect [doc.#15]. Petitioner's motion is denied, however, as he advances no circumstances, and none are apparent from the record, that would cure the defect that is the basis for the Magistrate Judge's findings and recommendations. A petitioner must exhaust his state court remedies before the expiration of the limitations period in § 2244(d). See Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999). Petitioner essentially alleges ineffective assistance of counsel on the part of his Rule 37 post-conviction attorney when she filed on his behalf a petition that did not comply with Arkansas's procedural rules and failed to notify him of the denial of that petition. However, ineffective assistance of counsel generally does not warrant equitable tolling, see Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002),cert. denied, 539 U.S. 933 (2003), and there is no constitutional right to effective assistance of post-conviction counsel. Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005), cert. denied, 126 S.Ct. 1351 (2006).