IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| SHANNON DAVID BOYLE, | * | |
| ADC#116113, | * | |
| Petitioner, | * | |
| vs. | * | No. 5:06-cv-00117-SWW |
| | * | |
| WENDY KELLY, Director, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Respondent. | * | |

ORDER

Before the Court is a *pro se* motion of petitioner Shannon David Boyle for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6) [doc.#22]. Respondent Wendy Kelly, Director of the Arkansas Department of Correction, has responded in opposition to Boyle's motion.[1] For the reasons that follow, the Court denies Boyle's Rule 60(b) motion. The Court also grants the motion [doc.#23] of respondent Wendy Kelly to substitute Kelly Fields as attorney for respondent.

I.

Boyle was convicted in state court of aggravated robbery and theft of property. Following various state-court proceedings, Boyle filed a 28 U.S.C. § 2254 petition for writ of habeas corpus alleging, *inter alia*, that he received ineffective assistance of counsel. By Order and Judgment entered November 29, 2006 [doc.#'s 16, 17], the Court dismissed Boyle's § 2254 petition with prejudice as untimely. Boyle did not appeal.

---

[1] Wendy Kelly was recently named director of the Arkansas Department of Correction and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d).

On May 28, 2014, Boyle filed a *pro se* motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) [doc.#19]. Boyle sought review of his claims pursuant to recent decisions of the Supreme Court of the United States in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).[2] By Order entered June 2, 2014 [doc.#21], the Court denied Boyle's Rule 60(b)(6) motion, finding that the Supreme Court's decisions in *Martinez* and *Trevino* do not constitute "extraordinary circumstances" meriting Rule 60(b) relief.

Following this Court's denial of Boyle's Rule 60(b) motion, Boyle, on June 18, 2014, sought permission of the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2254 petition. By Judgment dated November 18, 2014, the Eighth Circuit denied Boyle permission to file a successive § 2254 petition. *Boyle v. Hobbs*, No. 14-2451 (8th Cir. Nov. 18, 2014). Thereafter, Boyle, on December 30, 2014, filed the motion for relief from judgment pursuant to Rule 60(b)(5) and (6) now before the Court.

II.

As grounds for Rule 60(b)(5) and (6) relief, Boyle asserts abandonment of counsel, denial of counsel, failure of the trial court to inquire into conflict of interest during Rule 37 post-conviction proceedings, actual innocence, and fundamental miscarriage of justice due to denial of counsel. To the extent Boyle's issues do not constitute "claims" for

---

[2] These cases held that a federal habeas court may excuse a procedural default of a substantial claim of ineffective-assistance at trial when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding.

purposes of a second or successive attack under § 2254 and are properly asserted in Boyle's Rule 60(b) motion,[3] the Court nevertheless denies Boyle's Rule 60(b) motion. Rule 60(b)(5) does not apply to Boyle's motion, see, *e.g., Graves v. Beard*, Civil Action No. 2:10-cv-00894, 2014 WL 7183404, *1-2 (W.D. Pa. Dec. 16, 2014) (Rule 60(b) motion challenging denial of habeas relief did not satisfy or meet the criteria necessary to be considered as a Rule 60(b)(5) motion), and his issues under Rule 60(b)(6) are vague and conclusory. Boyle only lists the above issues and a Table of Authorities; he does not brief or otherwise provide context for these issues but merely attaches what appear to be a portion of an earlier brief, a letter from the Arkansas Supreme Court Committee on Professional Conduct, a portion of an Arkansas Court of Appeals decision, the Magistrate Judge's 2006 Report and Recommendations and this Court's order adopting same, a 2007 affidavit from his mother, and emails apparently between his attorney and his mother dating from 2006. Boyle simply has not shown extraordinary circumstances in this case to justify Rule 60(b)(6) relief. See *Gonzalez*, 545 U.S. at 535 (requiring a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment and noting that "[s]uch circumstances will rarely occur in the habeas context."). See also *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (noting that "relief under Rule 60(b)(6) remains 'an

---

[3] See *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (noting that a Rule 60(b) motion is a second or successive habeas corpus application if it contains a "claim," which is "defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'the federal court's previous resolution of a claim *on the merits*.'" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)),

extraordinary remedy' for 'exceptional circumstances.'") (quoting *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1999)).[4]

### III.

For the foregoing reasons, the Court denies petitioner Shannon David Boyle's *pro se* motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6) and grants the motion [doc.#23] of respondent Wendy Kelly to substitute Kelly Fields as attorney for respondent.

IT IS SO ORDERED this 16th day of January 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] Moreover, the Court agrees with respondent that Boyle did not file his motion, which again relies, *inter alia*, on *Martinez* and *Trevino*, within a reasonable time as required by Fed.R.Civ.P. 60(c). *Cf. In re Paredes*, — Fed.Appx. —, 2014 WL 5420533, *1 (5th Cir. Oct. 25, 2014) (Rule 60(b) motion filed 30 months after Supreme Court's decision in *Martinez* and 17 months after Supreme Court's decision in *Trevino* was not filed within a reasonable time after those decisions).